UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

EDWIN BANKS,

                         Plaintiff,

       -against-                                  9:14-cv-0340 (LEK/DEP)

ANTHONY ANNUCCI,

                         Defendant.

## **DECISION and ORDER**

### I. INTRODUCTION

This matter comes before the Court following a Report-Recommendation filed on January 25, 2016, by the Honorable David E. Peebles, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 31 ("Report-Recommendation"). *Pro se* Plaintiff Edwin Banks ("Plaintiff") filed Objections. Dkt. No. 32 ("Objections").[1]

### II. LEGAL STANDARD

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear

---

[1] Plaintiff was initially given until February 11, 2016 to file objections to the Report-Recommendation. Rep.-Rec. "A pro se inmate's motion is deemed filed on the date the papers were given to prison officials, or, if that is uncertain, the date the papers were signed and dated." Douglas v. Bughara, No. 11-CV-1535, 2013 WL 5347285, at *3 (N.D.N.Y. Sept. 23, 2013) (Kahn, J.). Plaintiff's Objections were not filed until February 29, 2016, but they are dated February 11, 2016. Objs. at 1. As a result, the Court finds that Plaintiff's Objections are timely.

error. Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306-07 & 306 n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06 Civ. 13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

## III. DISCUSSION

Plaintiff lists four objections to the Report-Recommendation. In his first and second objections, Plaintiff argues that the standards set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), do not apply to his Complaint. Objs. at 1. Instead, Plaintiff states that since Twombly did not explicitly overrule Conley v. Gibson, 355 U.S. 41 (1957), Conley's "no-set-of-facts" standard should apply. Objs. at 2. As is well settled in the Second Circuit, Twombly did in fact constitute an abandonment of the Conley standard, and the Court has regularly noted this shift in pleading standards. See, e.g., Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 83 (2d Cir. 2015); Hilton v. Bank of N.Y. Mellon, No. 15-CV-0667, 2016 WL 234851, at *5 (N.D.N.Y. Jan. 19, 2016). Therefore, the Report-Recommendation applied the correct standard in analyzing the allegations in Plaintiff's Complaint.

Plaintiff's third objection is that his claims are cognizable under the supervisory standards in Colon v. Coughlin, 58 F.3d 865 (1995). Objs. at 1. However, the Report-Recommendation considers this exact framework in discussing the sufficiency of the Complaint. Rep.-Rec. at 13

(citing Colon, 58 F.3d at 873). Since the standard in Twombly and Iqbal is properly applied here, the Court finds that the Report-Recommendation's analysis is proper.

Plaintiff's final objection is related to the mootness argument raised in Defendant's Motion to dismiss. Objs. at 2. Plaintiff claims that his request for an injunction is not moot due to continuing actions consistent with his claims of abuse by corrections officers at his current location, Attica Correctional Facility. Id. The Report-Recommendation did not reach Defendant's mootness argument as the Complaint was found otherwise deficient. Should an amended complaint be filed with facts sufficient to support Plaintiff's claims, Plaintiff's request for injunctive relief will then receive full consideration on the merits.

In addition to Plaintiff's Objections above, the Court has reviewed the Report-Recommendation for clear error and has found none. Plaintiff is advised that the Report-Recommendation does recognize that a claim can be stated in this case, and has accordingly recommended that Plaintiff be allowed to file an amended complaint. Rep.-Rec. at 17-19. Plaintiff should note that any amended complaint filed must comply with the pleading standards in Twombly and Iqbal and state specific facts that support his claims.

## IV. REQUEST FOR STAY

Plaintiff, at the end of his Objections, requests that the Court stay this action, noting that it will be difficult for him to properly contest this action without being able "to get help for my mental and health issues." Objs. at 2. Since the result of this Decision and Order will be a dismissal of Plaintiff's Complaint, a stay would not be appropriate here. Instead, in the interests of justice, Plaintiff will be given **ninety (90) days** in which to file an amended complaint stating specific facts that support his claims.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 31) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendant's Motion (Dkt. No. 28) to dismiss is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's damage claims against Defendant are **DISMISSED with prejudice**; and it is further

**ORDERED**, that the Complaint (Dkt. No. 1) is **DISMISSED without prejudice** and with leave to amend for failure to state a claim upon which relief can be granted; and it is further

**ORDERED**, that if Plaintiff wishes to proceed with this action, he must file an amended complaint as set forth above **within ninety (90) days** of the filing date of this Decision and Order, and it is further

**ORDERED**, that in the event Plaintiff fails to file a signed amended complaint **within ninety (90) days** of the filing date of this Decision and Order, the Clerk shall enter judgment without further order of the Court dismissing this action without prejudice due to Plaintiff's failure to state a claim upon which relief can be granted and to comply with the terms of this Decision and Order; and it is further

**ORDERED**, that upon the timely filing of an amended complaint, the Clerk of the Court shall return the file to the Court for further review; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:      March 02, 2016
            Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge