UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

EDWIN BANKS,

                Plaintiff,

  -against-                              9:14-CV-340 (LEK/DEP)

ANTHONY ANNUCCI,

                Defendant.

**DECISION AND ORDER**

**I.    INTRODUCTION**

Pro se plaintiff Edwin Banks commenced this civil rights action on March 27, 2014, against defendant Anthony Annucci, Acting Commissioner of New York State Department of Corrections and Community Supervision ("DOCCS"), alleging that Defendant "has created and is overseeing a culture of governmental corruption within DOCCS, based around covering up the violations of prisoners [sic] rights by mentally incompetent staff." Dkt. No. 1 ("Complaint") ¶ 8. On March 2, 2016, the Court adopted the Report-Recommendation, Dkt. No. 31 ("Report-Recommendation"), of U.S. Magistrate Judge David E. Peebles, dismissing the Complaint without prejudice and with leave to amend. Dkt. No. 33 ("March 2016 Order"). Plaintiff failed to amend his Complaint within the ninety-day deadline set by the Court, Mar. 2016 Order at 4, and judgment was entered against Plaintiff on June 6, 2016, Dkt. No. 35 ("Judgment").

Currently before the Court is Plaintiff's motion to vacate the March 2016 Order and Judgment, which was postmarked June 5, 2017. Dkt. No. 37 ("Motion"). Defendant filed a response. Dkt. No. 39 ("Opposition"). For the reasons that follow, Plaintiff's Motion is granted in part and denied in part.

## II.    BACKGROUND

In his Complaint, Plaintiff alleges systematic abuses in DOCCS's employee hiring and training procedures. Compl. ¶ 9. Specifically, he claims that because of rampant nepotism and favoritism, most DOCCS employees are "mentally incompetent." Id. ¶¶ 8, 10–11. In turn, these mentally incompetent employees have caused pervasive and consistent violations of prisoners' constitutional rights. Id. ¶ 14. When prisoners file grievances about these constitutional violations, they are retaliated against. Id. ¶¶ 14–19. Plaintiff attributes all of these problems to Defendant and his failure to put in place procedures to properly train and supervise employees and to eradicate corruption at DOCCS. Id. ¶¶ 21–25. Plaintiff sued Defendant solely in his official capacity. Id. ¶ 7.

On initial review, the Court dismissed Plaintiff's Complaint with leave to amend for failure to adequately allege Defendant's personal involvement in the alleged wrongdoing. Dkt. No. 11 ("June 2014 Order") at 7 (citing Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)). Plaintiff then filed a motion for reconsideration, Dkt. No. 17, which the Court granted. Dkt. No. 24 ("March 2015 Order"). On May 4, 2015, Defendant filed a motion to dismiss for failure to state a claim. Dkt. No. 28 ("Motion to Dismiss"). Judge Peebles recommended that Plaintiff's damages claim be dismissed without leave to amend because Defendant enjoyed Eleventh Amendment immunity. Rep.-Rec. at 11. Additionally, Judge Peebles found that the Complaint was too "broad and conclusory" to allege any personal involvement by Defendant. Id. at 15. Considering Plaintiff's pro se status, Judge Peebles recommended that Plaintiff be given leave to amend his Complaint to allege Defendant's personal involvement. Id. at 17–18. On March 2, 2016, the Court adopted the Report-Recommendation in its entirety and gave Plaintiff ninety

days to amend his Complaint. Mar. 2016 Order at 4. Plaintiff failed to amend his Complaint and judgment was entered against him on June 6, 2016. Judgment at 1.[1]

In his Motion, Plaintiff alleges that on February 28, 2016, he was placed in Attica Correctional Facility's Mental Health Unit ("MHU"), where he was unable to receive or send mail. Mot. ¶ 6. On April 14, 2016, Plaintiff was committed to Central New York Psychiatric Center ("CNYPC"), where he had no access to his property or the law library. Id. ¶ 7. As a result of his inability to receive mail at Attica and his transfer to CNYPC, Plaintiff did not receive the Court's March 2016 Order. Id. ¶ 8. Thus, Plaintiff was not able to meet the Court's ninety-day deadline to amend his Complaint. Id. Plaintiff was served the March 2016 Order and the Judgment via regular mail at CNYPC on June 21, 2016. Dkt. On November 22, 2016, Plaintiff was transferred to Marcy Correctional Facility's MHU, where he remains and has no or limited access to legal materials. Id. ¶ 7. Plaintiff's current Motion was postmarked June 5, 2017. Mot. at 3.[2]

**III. DISCUSSION**

Plaintiff brings his motion under Federal Rule of Civil Procedure 60(b), which states, *inter alia*, that a court may vacate a judgment for "(1) mistake, inadvertence, surprise, or excusable neglect;" "(3) fraud, . . . misrepresentation, or misconduct by an opposing party;" or "(6) any other reason that justifies relief." "The decision whether to grant a party's Rule 60(b) motion is committed to the 'sound discretion' of the district court." Stevens v. Miller, 676 F.3d

---

[1] The page numbers for the Judgment refer to those generated by the Court's electronic filing system ("ECF").

[2] The cited page numbers for this document refer to those generated by ECF.

62, 67 (2d Cir. 2012) (quoting Montco, Inc. v. Barr, 666 F.2d 754, 760 (2d Cir.1981)). "Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) (citing House v. Sec'y of Health & Human Servs., 688 F.2d 7, 9 (2d Cir. 1982))."[F]inal judgments should not 'be lightly reopened.'" Id. (quoting House, 688 F.2d at 9).

The "excusable neglect" prong in Rule 60(b)(1) is the most relevant to Plaintiff's Motion. "Excusable neglect" is an "elastic concept." Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380, 392 (1993) (quoting 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (2d ed. 1987)). The question for the Court is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Id. at 395. "Factors to be considered in evaluating excusable neglect include '(1) the danger of prejudice to the [non-movant], (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.'" Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366 (2d Cir. 2003) (quoting Pioneer, 507 U.S. at 395).

The case at hand is on all fours with Sacco v. Matter, where the court granted a pro se prisoner's motion to vacate for excusable neglect when the plaintiff was "transferred from Goshen, New York to Bismark, North Dakota and then to Marion, Illinois," which prevented him from receiving notice of an impending motion. Sacco v. Matter, 154 F.R.D. 35, 36 (N.D.N.Y. 1994). The court noted that "[w]hile it is clear that plaintiff has neglected his responsibility to keep the district court apprised of his current address, as well as his duty to keep himself

4

appraised of the state of his action, his state as a *pro se* prisoner gives the court broad discretion to overlook these breaches." Id. at 37. Here, Plaintiff's inability to receive mail while committed to Attica's MHU, Attica's return of the Court's March 2016 Order as not deliverable despite the fact that Plaintiff was in custody there, and Plaintiff's subsequent transfer to CNYPC, which prevented him from receiving timely notice of the Court's March 2016 Order and Judgment, are important factors in demonstrating excusable neglect. Id.; see also Brown v. Precinct of Brooklyn, No. 11-CV-6304, 2012 WL 5438926, at *2 (E.D.N.Y. Nov. 6, 2012) (allowing a pro se prisoner to file additional information with the court for his motion to vacate after the plaintiff was not notified about an impending court deadline due to a prison transfer).

Defendant argues that "Plaintiff has [] failed to establish any basis to vacate the judgment." Opp'n at 5. But Plaintiff has clearly stated that he could not receive mail and his subsequent transfer prevented him from amending the Complaint within the deadline. Mot. ¶¶ 6–8. As noted above, these factors are commonly cited when considering claims of excusable neglect. Defendant also argues that Plaintiff acted unreasonably in waiting eleventh months after receiving a copy of the Judgment to file his Motion. Opp'n. at 5. A plaintiff must file a motion to vacate "within a reasonable time—and for [excusable neglect] no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "What qualifies as a reasonable time, however, will ordinarily depend largely on the facts of a given case, including the length and circumstances of the delay and the possibility of prejudice to the opposing party." Matter of Emergency Beacon Corp., 666 F.2d 754, 760 (2d Cir. 1981). While waiting eleven months to file a motion to vacate "could arguably be considered unreasonable, the Court need not render judgment on the issue because [the party's] motion was

5

filed within the one-year maximum allowed by [Rule 60(b)]." Brenton v. Consol. Rail Corp., No. 00-CV-742, 2003 WL 21383255, at *3 n.9 (W.D.N.Y. Feb. 4, 2013). Although Plaintiff waited eleven months to file his Motion after receiving notice of the Judgment, his status as a pro se prisoner, his mental health issues, and his limited access to mail and the law library have persuaded the Court that Plaintiff's delay is excusable.

Finally, Defendant argues that Plaintiff's failure to update his address with the Court constitutes abandonment of his claim. Opp'n at 3. Under the Local Rules, litigants are responsible for notifying the court of a change of address. L.R. 10.1(c)(2). But the Court has discretion to excuse failure to comply with the local rules. Hotz v. Rockefeller & Co., 258 F.3d 62, 73 (2d Cir. 2001). Since the Second Circuit affords incarcerated pro se litigants particular consideration with regard to complying with formalities, the Court is willing to overlook Plaintiff's failure to comply with the Local Rules in this instance. Sacco, 154 F.R.D. at 37.

Lastly, the Court declines to vacate its March 2016 Order adopting Judge Peebles's Report-Recommendation. Plaintiff must still correct the deficiencies in his Complaint in order to state a claim on which relief can be granted, or else the Complaint will be dismissed with prejudice.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion (Dkt. No. 37) to vacate the Court's March 2016 Order (Dkt. No. 33) is **DENIED**; and it is further

**ORDERED**, that Plaintiff's Motion (Dkt. No. 37) to vacate the Court's Judgment (Dkt. No. 35) is **GRANTED**; and it is further

**ORDERED**, that if Plaintiff wishes to proceed with this action, he must file an amended complaint as described in the March 2016 Order **within ninety days** of the filing date of this Decision and Order, and it is further

**ORDERED**, that if Plaintiff fails to file a signed amended complaint **within ninety days** of the filing date of this Decision and Order, the Clerk shall enter judgment without further order of the Court dismissing this action with prejudice due to Plaintiff's failure to state a claim upon which relief can be granted and to comply with the terms of this Decision and Order; and it is further

**ORDERED**, that upon the timely filing of an amended complaint, the Clerk shall return the file to the Court for further review; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   September 29, 2017
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge